United States Court of Appeals,

Fifth Circuit.

No. 92–1364.

Jimmy Lee PENIX, Plaintiff–Appellant,

v.

UNITED STATES PAROLE COMMISSION, Defendant–Appellee.

Dec. 21, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:

In this case, Petitioner–Appellant Jimmy Lee Penix appeals the district court's denial of injunctive relief against Respondent–Appellee United States Parole Commission. Penix sought to enjoin the Commission from executing a parole violator warrant issued against him. The district court rejected Penix's assertion that, as the Commission failed to hold a hearing within five years following the commencement of his parole term, that term automatically expired—as did the Commission's jurisdiction over him. Finding no reversible error, we affirm.

I

FACTS AND PROCEDURAL HISTORY

Penix was convicted in the Western District of Oklahoma of conspiracy to import cocaine, traveling in interstate commerce to facilitate illegal activity, and using a communication device to facilitate the conspiracy. He was sentenced to fifteen years in prison, but was paroled on August 4, 1986, after serving five years and four months of his sentence. He was eventually placed under the supervision of the U.S. Parole Commission in the Northern District of Texas.

In August 1991, more than five years after commencement of his parole, Penix was notified by the Commission that a preliminary determination had been made to continue his parole, but that a final determination would not be made until Penix had been given an opportunity for a personal hearing before a Commission representative. Penix requested early release from parole and an

in-person hearing, but no hearing was ever scheduled.

On April 9, 1992, Penix's parole officer requested the issuance of a parole violator warrant, charging Penix with conspiracy and possession of marijuana with intent to deliver, possession of cocaine, and associating with a person who has a criminal record. The Commission agreed with that request and the warrant was issued but never executed.

After the warrant was issued, Penix filed a lawsuit in the Northern District of Texas, seeking a temporary restraining order, as well as temporary and permanent injunctions, to restrain the Commission from executing the warrant against him. Penix asserted that the Commission's jurisdiction over him had terminated after five years of supervised parole. In support of his claim, he cited 28 C.F.R. § 2.43(c)(1), which mirrors 18 U.S.C. § 4211(c)(1) and provides:

> Five years after release on supervision, the Commission *shall* terminate supervision over such parolee *unless* it is determined, after a hearing ... that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.[1]

Penix asserted to the district court as he does here that, as the hearing did not occur before the end of his five years of supervised parole, "the jurisdiction of the Parole Commission[ ] terminated by operation of law," in consequence of which the Commission could not issue the warrant against him.

The district court rejected Penix's assertion, finding that § 4211(c)(1) did not divest the Commission of jurisdiction automatically after five years of supervised parole. Penix timely appealed.

II

ANALYSIS

A. *Standing*

The Commission asserts on appeal that Penix does not have standing to challenge the issuance of the parole violator warrant because he has not suffered a "legal injury." We have recently stated that "[s]tanding defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly

---

[1](Emphasis added).

unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling."[2]

Although presently unexecuted, the execution of the parole violator warrant at any time would result in Penix's immediate incarceration, and he would remain in custody until his hearing pursuant to 18 U.S.C. § 4214(a). "To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."[3] The injury Penix alleges is the incarceration that would result instantaneously from the warrant's execution. If Penix is correct concerning his proffered interpretation of § 4211(c)(1), then the issuance of the warrant would be unlawful and the injunction would be proper to prevent unjust incarceration. Given his very real Damoclean predicament, we hold that Penix has standing to bring this lawsuit.

B. *Section 4211(c)(1)'s Effect on Penix's Parole*

After five years of supervised parole, a hearing is required to determine whether the parole status should continue or be terminated.[4] Penix asserts that under § 4211(c)(1), his parole terminated ipso facto, exactly five years after it began, because the Commission had not yet held a hearing much less decided affirmatively to continue his parole. Penix's argument relies on the proposition that the mandatory language of the statute which provides that "the Commission *shall* terminate supervision ... *unless* it is determined after a hearing" that the parolee will likely engage in "conduct violating any criminal law"[5] must be interpreted to mean that if the hearing does not occur before the five years is completed the parole is automatically terminated. Penix's proffered interpretation of § 4211(c)(1)—as he recognizes—directly contravenes interpretations by the Seventh, Eleventh, and Ninth Circuits.[6] Penix asserts that those circuits' interpretations are incorrect and, more importantly,

---

[2]*Society of Separationists, Inc. v. Herman,* 959 F.2d 1283, 1285 (5th Cir.) (en banc) (citing *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)), *cert. denied,* —— U.S. ——, 113 S.Ct. 191, —— L.Ed.2d —— (1992).

[3]*Id.*

[4]*See* 18 U.S.C. § 4211.

[5]18 U.S.C. § 4211(c)(1) (emphasis added).

[6]*See United States ex rel Pullia v. Luther,* 635 F.2d 612, 614–16 (7th Cir.1980); *Sacasas v. Rison,* 755 F.2d 1533, 1535 (11th Cir.1985); *Tatum v. Christensen,* 786 F.2d 959, 963 (9th Cir.), *overruled on other grounds sub nom. Wallace v. Christensen,* 802 F.2d 1539, 1554 (9th

that a subsequent Supreme Court decision overrules their analyses.  We disagree.

In *United States ex rel. Pullia v. Luther,*[7] the Seventh Circuit rejected the precise argument Penix makes to us.  Pullia, like Penix, "contend[ed] that under section 4211(c)(1) a hearing is a prerequisite only to a continuation of supervision, not to a termination, and that unless the Commission has held a hearing and decided to the contrary, the statute compels [the Commission] to terminate parole on the expiration of five years."[8]  Pullia, like Penix, also "relie[d] on the use of the mandatory phrase "shall terminate' in section 4211(c)(1), in contrast to the earlier use of "may terminate' in section 4211(a)"[9] in making his argument.

The Seventh Circuit concluded that the case could not be "resolved solely on the basis of a grammatical analysis" of the difference between the mandatory and permissive language of the statute, and looked to the legislative history of the Parole Act for clarification.  That legislative history forcefully demonstrated to the Seventh Circuit—and convinces us as well—of the fallacy of Pullia's (and therefore Penix's) argument.  The legislative history of the provision "make[s] clear that Congress intended that the Commission would exercise its judgment prior to releasing a parolee from supervision."[10]  That judgment is exercised at a hearing, which should take place near the end of or

Cir.1986) (en banc).

[7]635 F.2d at 615.

[8]*Id.*

[9]*Id.*

[10]*Id.* at 616.  The Seventh Circuit quoted the House and Senate sponsors of the Act, and the Section–By–Section Analysis of the House Conference Report.  Representative Robert Kastenmeier stated:

> [T]here are certain decisionmaking deadlines provided for in H.R. 5727.  If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.... [I]f for some reason [the Commission] were unable to meet a deadline, the prisoner or parolee could solicit the assistance of the court under existing section [28 U.S.C. § 1361], which is an action in mandamus to compel an employee of the United States to perform his [or her] duty.  I expect these cases would be very rare, but the court would review the case and determine whether there was any justification for the delay.  If there is no justification, the court would remedy the situation by ordering a hearing immediately.  Otherwise, the Commission would be in contempt of court.

soon after the completion of the five years of supervision. If the Commission fails to provide a hearing to a parolee through neglect or administrative error, the paro lee's remedy is a mandamus action to compel a hearing.[11] We agree with our colleagues on the Seventh Circuit concerning the history and interpretation of the statute.

Penix nevertheless argues that the rulings in *Pullia* and those from the other circuits have been overruled by the Supreme Court's ruling in *Board of Pardons v. Allen.*[12] In *Allen,* the Court held that a state parole statute which provided that a state parole board would release prisoners on parole when certain prerequisites were met created a liberty interest under the Fourteenth Amendment's due process clause.[13] The question whether there is a liberty interest associated with the parole statute,

---

*Id.* (quoting 122 CONG.REC. 5163 (1976)). Senator Burdick stated:

> [T]he conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy is to compel the decision, not release from custody.

*Id.* (quoting 122 CONG.REC. 4862). The Seventh Circuit also reasoned that the hearing could not be held before the five years of probation was served because the intent of Congress was that the entire five years be reviewed in determining the likelihood of recidivism. The Section–By–Section Analysis of the House Conference Report states:

> This section further provides that after 5 years of parole supervision each parolee shall be released from further supervision, unless the Parole Commission determines that there is a likelihood that the parolee will engage in criminal behavior. The phrase "likelihood that the parolee will engage in conduct violating any criminal law" is a phrase closely related to the term "release would not jeopardize the public welfare" from section 4206. Both rely on the use of probability in making the judgments required of the Commission by this section. Likelihood is a higher standard upon which the judgment is to be based, but this is only recognition by the Conferees that the Commission has five continuous years of supervision in the community on which to base its comparisons with other offenders who have similar backgrounds.

*Id.* (citing H.R.REP. No. 5727, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.C.C.A.N. 335, 365).

[11]*See Richardson v. Luther,* 692 F.Supp. 1452, 1457 (D.Conn.1988) ("Absent a showing of prejudice or bad faith, the appropriate remedy ... is a mandamus action to compel a hearing. (citing *Sacasas,* 755 F.2d at 1535)); *supra* note 10.

[12]482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).

[13]*Id.* at 380–81, 107 S.Ct. at 2422.

however, is simply irrelevant to the statutory interpretation made in *Pullia.*

The *Allen* decision involved state prisoners attempting to force the state parole commission to perform its duties in the constitutionally proper manner. The Court held that the mandatory language in the state statute created a property interest for the prisoners in the Commission's completion of its statutory task. *Pullia* and the cited decisions on point from the other circuits merely looked to the legislative history to interpret an ambiguity in the particular federal statute at issue. Penix cannot assert an unassailable property interest in his incorrect interpretation of § 4211(c)(1) merely because there is mandatory language in the statute.

We thus concur with the Seventh, Ninth, and Tenth, Circuits' interpretation of § 4211(c)(1) and reject Penix's assertion that those cases have been implicitly overruled by the Supreme Court's holding in *Allen.*[14]

### III

### CONCLUSION

The district court correctly found that Penix had standing to bring this cause of action. It also correctly held that parole supervision does not automatically end upon the expiration of five years following commencement of parole. We hold that the parolee has a right to a hearing concerning the termination of supervision and that the writ of mandamus is available to compel that hearing after the five years has run. We therefore reject the suggestion that the Commission has no jurisdiction to hold such a hearing later than five years after commencement of parole. The district court's decision is

AFFIRMED.

---

[14]*See Richardson,* 692 F.Supp. at 1457.