IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50448
Summary Calendar

_____

SAMUEL FIACRO PENA,

Petitioner-Appellant,

versus

J. AGUIRRE, Warden - El Paso Prison Camp;
JERRY MALDONADO, Warden - El Paso Prison Camp,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CV-65-DB
--------------------
January 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The motion to strike the appellees' brief is DENIED. Samuel Fiacro Pena, former federal prisoner #50360-098, appeals the district court's denial of his 28 U.S.C. § 2241 application. In his application, Pena asserted that he never was afforded his rights as provided in 28 C.F.R. § 2.43(c)(1), which provides that "[f]ive years after release on supervision, the [Parole] Commission shall terminate supervision over [a] parolee unless it is determined, after a hearing ... that such supervision should

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not be terminated because there is a likelihood that the parolee will engage in conduct violating criminal law." Pena requests that his sentence be corrected and that all Parole Commission charges be dropped.

This court does not have the authority to grant the remedy requested by Pena. See Penix v. U.S. Parole Comm'n, 979 F.2d 386, 389 (5th Cir. 1992)(appropriate remedy for the Commission's failure to provide a hearing is a mandamus action to compel a hearing, not termination of the term of probation). Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED; MOTION DENIED.