# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3509

_____

Rick Lee Grove,                         *
                                        *
            Appellee,                   *
                                        *      Appeal from the United States
      v.                                *      District Court for the
                                        *      District of Minnesota.
Federal Bureau of Prisons; Martha       *
Jordan, Warden,                         *
                                        *
            Appellants.                 *


_____

Submitted: October 20, 2000
     Filed:  April 6, 2001

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

The Federal Bureau of Prisons (BOP) appeals the district court's grant of a writ of habeas corpus to Rick Lee Grove, ordering the BOP to find that Grove is not ineligible to apply for an early release pursuant to 18 U.S.C. § 3621(e)(2)(B).  We reverse the grant of the writ  and remand in light of Lopez v. Davis, 121 S. Ct. 714 (2001) (affirming Bellis v. Davis, 186 F.3d 1092 (8th Cir.  1999)).

I.

Grove is confined in federal prison in Minnesota after pleading guilty in the Northern District of Iowa to charges of conspiracy and distribution of controlled substances, namely methamphetamine and cocaine. See 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). The district court sentenced Grove to a term of 121 months of imprisonment to be followed by 60 months of supervised release. This sentence includes a two-level enhancement under the United States Sentencing Guidelines for possessing a firearm in relation to the drug offenses.

As an incentive to prisoners who need substance abuse treatment, Congress has statutorily granted the BOP the discretion to reduce the period of incarceration by up to one year for a prisoner "convicted of a nonviolent offense" who successfully completes a residential drug treatment program. 18 U.S.C. § 3621(e)(2)(B). In February 1997, Grove sought a determination from the BOP that he was eligible for the residential drug treatment program and the resulting possibility of an early release. The BOP initially declared that Grove was eligible for enrollment in the drug treatment program but was ineligible for an early release. The BOP's operating rules permitted it to consider Grove's sentencing enhancement for possessing a firearm to conclude that his offense was not a nonviolent offense within the meaning of the statute. Thus, the BOP determined that Grove was ineligible for early release.

Grove filed his first habeas petition pursuant to 28 U.S.C. § 2241 in the District of Minnesota, challenging the BOP's determination that he was ineligible for an early release. The district court dismissed the petition, and Grove appealed. While his appeal was pending, our court decided a case in which we specifically addressed whether the BOP had properly defined the term "nonviolent offense" for purposes of the early release incentive provision. See Martin v. Gerlinski, 133 F.3d 1076 (8th Cir. 1998). We determined that the plain language of the statute requires the BOP to consider only the offense of conviction, and not sentencing enhancements, when

2

determining whether a prisoner meets the statutory requirement of having been "convicted of a nonviolent offense." Id. at 1079. On February 25, 1998, we remanded Grove's appeal to the district court, which subsequently remanded to the BOP for reconsideration in light of our Martin case. See Grove v. Bureau of Prisons, No. 98-1240, 1998 WL 75917 (8th Cir. Feb. 25, 1998).

Meanwhile, in October 1997, apparently in response to other circuit decisions consistent with but predating our Martin opinion, the BOP adopted new regulations in an effort to correct its improper consideration of sentencing enhancements when defining whether a prisoner was "convicted of a nonviolent offense" as specified in § 3621(e)(2)(B). The October 1997 regulations properly state that an inmate cannot be eligible for the early release incentive program if the inmate was convicted of a crime of violence, which, consistent with our Martin opinion, must be determined by the offense of conviction and not sentencing factors. The new regulations also provide, however, that in the exercise of the director's discretion under the statute, the BOP may additionally deny eligibility for early release to an inmate convicted of a nonviolent offense in circumstances where the district court has imposed a sentencing enhancement for possessing a firearm in relation to the offense. See 28 C.F.R. § 550.58(a)(1)(vi)(B).

On February 18, 1998, the warden issued Grove a Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility, indicating that Grove was eligible both for the drug treatment program and the potential early release in accordance with our Martin opinion. On February 27, 1998, the BOP once again reconsidered Grove's eligibility request because a recent BOP memorandum indicated that an inmate who had not entered the residential treatment program by October 9, 1997 (the effective date of the new regulations) would be subject to the new regulations and would not be entitled to relief under Martin alone. Because Grove was not enrolled in the drug treatment program, he was therefore subject to reevaluation under the new regulations. The BOP ultimately determined that although Grove remained

3

eligible to participate in the treatment program, he was not eligible for an early release because the director's discretion provision of the new regulations allowed the BOP to consider his firearms sentencing enhancement.

Grove filed a second § 2241 habeas petition challenging the BOP's most recent ineligibility determination. The district court, adopting the report and recommendation of the magistrate judge, concluded that the BOP should reconsider Grove's situation under only the rules in existence at the time of its initial eligibility determination and the law of our <u>Martin</u> case, which would not allow consideration of the sentencing enhancement factor. The district court granted the writ and instructed the BOP to declare that Grove is not ineligible for a possible early release.

The BOP now appeals the district court's decision, arguing that Grove is not entitled to a reconsideration of his eligibility under the law preceding the 1997 regulations because Grove had taken no steps toward participating in the drug rehabilitation program other than filing a habeas petition.

II.

We apply de novo review to a question of law in a § 2241 habeas appeal. <u>See</u> <u>United States v. Lurie</u>, 207 F.3d 1075, 1076 (8th Cir. 2000). The district court determined that the BOP acted outside its authority by applying its 1997 policy changes to Grove after this court had instructed that his case should be reevaluated in light of our <u>Martin</u> opinion, which would not allow consideration of the sentencing enhancement. We respectfully disagree with the reasoning of the district court.

We begin with the statute. Section 3621(e)(2)(B) provides the BOP with <u>discretionary</u> authority to reduce an inmate's period of incarceration by up to one year if the inmate was convicted of a nonviolent offense and if the inmate successfully completes a residential drug treatment program. 18 U.S.C. § 3621(e)(2)(B); <u>see</u> <u>Lopez</u>,

4

121 S. Ct. at 722 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). The BOP's 1997 regulations include additional early release criteria, providing that as an exercise of the director's discretion, certain listed categories of inmates are not eligible for early release. The list includes those inmates who are convicted of a nonviolent felony but whose offense "involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(iv)(B).

Subsequent to the district court's decision in this case, we determined and the Supreme Court agreed that the BOP had acted reasonably and within its authority when enacting the director's discretion rule of 28 C.F.R. § 550.58–it represents a proper exercise of the BOP's discretion to determine who among the statutorily eligible nonviolent felons are actually appropriate candidates for early release. Lopez, 121 S. Ct. at 724; Bellis, 186 F.3d at 1095. In Grove's situation, this new policy meant that although he was convicted of a nonviolent felony, which would make him statutorily eligible for a potential early release, Grove was ultimately disqualified by the director's broad discretion to consider his sentencing enhancement for possessing a firearm in relation to his drug offense.

We agree with the BOP's contention that applying the 1997 regulations to Grove is not a retroactive application that would increase his liability for past conduct or impose new duties with respect to transactions already completed. See Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994). Grove suffered no increased liability upon being found ineligible for early release under the 1997 regulations. We have stated that under the plain language of § 3621(e)(2)(B), statutory eligibility by reason of the commission of a nonviolent offense as set forth in Martin is not an entitlement to an early release. Bellis, 186 F.3d at 1094. The BOP retains broad discretion to determine who among those statutorily eligible inmates are appropriate candidates for early release. Bellis, 186 F.3d at 1094-95. Grove was not subject to any increased liability

5

or new duties by the BOP's decision to alter its own discretionary policy rules because he had no entitlement to an early release and had done nothing to preserve his right to a determination under the old policy– Grove had neither entered nor completed the treatment program prior to the enactment of the new regulation. Absent any such action in reliance on the old policies, Grove's claim of retroactivity must fail.

The district court concluded that Grove had expressed sufficient intent to enter treatment by filing a habeas petition challenging the regulations that were applied to him even though he did not actually enroll in the treatment program. We respectfully disagree with the district court's conclusion that filing a habeas petition should preserve his right to be evaluated only under the prior regulations. The BOP concedes that the new regulations are not applicable to an inmate who had entered or completed treatment at the time the new regulations were promulgated. Although Grove was found eligible to participate in the drug treatment program, he never enrolled in it. Instead, he filed a habeas petition challenging the BOP's definition of a nonviolent offense. Grove won that challenge by reason of the <u>Martin</u> opinion, and we remanded to allow the BOP to reconsider Grove's eligibility for the early release under a proper interpretation of the statute. However, we did not prohibit the BOP from exercising its statutorily authorized discretion in addition to properly applying the defined statutory eligibility criteria. <u>See</u> <u>Lopez</u>, 121 S. Ct. at 723 (stating, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau").

The filing of a habeas petition simply does not equate to enrollment in a drug treatment program so as to prevent reconsideration by the BOP under the properly amended regulations. We are mindful that the district court rendered its opinion without the benefit of our reasoning in <u>Bellis</u> or the Supreme Court's subsequent

opinion in <u>Lopez</u>, affirming our <u>Bellis</u> opinion.[1] Grove urges us to reject our reasoning in <u>Bellis</u> and follow <u>Kilpatrick v. Houston</u>, 36 F. Supp. 2d 1328 (N.D. Fla.), <u>aff'd without opinion</u>, 197 F.3d 1134 (11th Cir. 1999), <u>vacated</u>, 121 S. Ct. 851 (2001). Even before the Supreme Court vacated that opinion, however, we were not at liberty to ignore the ruling of a prior panel in our circuit. <u>See</u> <u>Hazen ex rel. LeGear v. Reagen</u>, 208 F.3d 697, 698 (8th Cir. 2000) (noting our longstanding policy that "in this Circuit, one panel may not overrule another"). Applying the current law to the facts of this case as we must, we are convinced that the BOP acted properly, and Grove is not entitled to habeas relief.

## III.

Accordingly, we reverse the district court's grant of the writ of habeas corpus and remand for entry of a judgment dismissing Grove's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1] The district court adopted the report and recommendation of the magistrate judge on July 19, 1999, and our opinion in <u>Bellis</u> was filed on August 10, 1999.

7