IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11546
Summary Calendar
_____

THEODORE A OSBORNE, SR

        Petitioner - Appellant

   v.

UNITED STATES OF AMERICA

        Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1064-P
--------------------
June 18, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Theodore Osborne, Sr., federal prisoner # 98686-131, appeals the district court's denial of his 28 U.S.C. § 2241 petition in which he raised challenges to the jurisdiction of the Parole Commission to revoke his parole in 2001. On appeal he argues that he was denied a hearing within five years of initially being released on parole to determine whether parole should continue in accordance with now repealed 18 U.S.C. § 4211(c)(1). He also argues that the evidence at trial constructively amended his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bank-robbery charge in his indictment, that his attorney was ineffective, and that there was a double jeopardy violation resulting from his convictions of armed bank robbery and use of a firearm during the offense.

Osborne's claims of ineffective assistance of counsel, a double jeopardy violation, and a constructive amendment to the indictment arise under 28 U.S.C. § 2255 and not 28 U.S.C. § 2241, and he has not shown that he satisfied the requirements of the savings clause to raise these claims in a 28 U.S.C. § 2241 proceeding. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000); Reyes-Requena v. United States, 243 F.3d 893, 900, 904 (5th Cir. 2001). His claim that his parole ended five years after he was initially released on parole because there was no hearing in accordance with 18 U.S.C. § 4211(c)(1) to determine whether supervision should continue is without merit. See Penix v. United States Parole Comm'n., 979 F.2d 386, 388-89 (5th Cir. 1992).

AFFIRMED.