# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 02-4123

CHARLES LEON LOYE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-414)

Submitted: August 16, 2002

Decided: September 3, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Charles Leon Loye pled guilty to failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2) & (b)(1)(A)(ii) (2000). Loye's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), reviewing Loye's guilty plea and sentence but stating that in his view there were no meritorious issues. Loye filed a pro se brief arguing the district court's calculation of his criminal history constitutes plain error because he was not on parole at the time of the offense. Finding no reversible error, we affirm.

We have reviewed the record and find that the district court adequately complied with the mandates of Fed. R. Crim. P. 11 in accepting Loye's guilty plea. In *United States v. Vonn*, ___ U.S. ___, ___, 122 S. Ct. 1043, 1046 (2002), the Supreme Court held that in order to obtain reversal of a conviction, a defendant who lets a Rule 11 error pass without objection at trial has the burden of showing, among other things, that plain error affected his substantial rights. To the extent the district court did not inform Loye of his right to the assistance of counsel at trial or his right to confront or cross-examine witnesses, Loye did not object in the district court, and therefore bears the burden of showing that his substantial rights were affected. Loye has not met this burden. The remainder of Loye's claims are belied by the record and the mandates of Rule 11. We further find Loye's sentence was proper; the twenty-one month sentence and three-year term of supervised release were within the properly calculated guidelines range and statutory maximum.

Loye contests the two-point adjustment to his criminal history for being on parole at the time of the instant offense. This claim was not raised before the district court, so we review for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). The PSR attributed these points to a six-year term of special parole that Loye began serving in

December 1994. Loye argues his parole was automatically terminated after five years of supervision. *See* 18 U.S.C. § 4211(c)(1) (2000). Other circuits have rejected the contention that the plain language of § 4211(c)(1) necessitates the automatic termination of parole supervision after five years of supervision absent a hearing. *See Benny v. United States Parole Comm'n*, 295 F.3d 977, 982-85 (9th Cir. 2002); *Valona v. United States Parole Comm'n*, 235 F.3d 1046, 1048 (7th Cir. 2000); *see also Penix v. United States Parole Comm'n*, 979 F.2d 386, 388 & n.6 (5th Cir. 1992) (collecting cases).* Loye neither alleges nor produces any documentation showing the Parole Commission did in fact terminate his special parole before the commission of the instant offense. Consequently, we find any error was not plain. Further, we find the record does not conclusively show counsel provided ineffective assistance as to this issue, thus we decline to address Loye's ineffective assistance claim on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Loye's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Although § 4211(c)(1) has been repealed, it remains in effect for an individual such as Loye who committed the underlying offense before November 1, 1987. *See Benny*, 295 F.3d at 981 n.2.