

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# Morabito v. US Parole Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Morabito v. US Parole Comm" (2006). *2006 Decisions.* Paper 1067.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1067

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3811
_____

DONALD MORABITO,
                                        Appellant

v.

UNITED STATES PAROLE COMMISSION
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-03521)
District Judge: Honorable Louis H. Pollak
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2006

BEFORE: McKEE, FUENTES and NYGAARD, CIRCUIT JUDGES

(Filed :  May 22, 2006)

_____

OPINION
_____

PER CURIAM

        Donald Morabito was convicted of twenty-four counts of armed robbery and two

counts of bank robbery in the United States District Court for the Western District of

Louisiana and, in 1981, was sentenced to an aggregate term of 50 years imprisonment.

On June 6, 1996, the United States Parole Commission ("the Commission") released

Morabito on parole. Morabito was scheduled to remain under parole supervision until February 9, 2031. On August 13, 2001, the Commission ordered that Morabito's five-year parole termination hearing be conducted pursuant to 18 U.S.C. § 4211(c)(1).[1] In April 2002, before the hearing could take place, Morabito absconded from parole supervision. Accordingly, the Commission issued a warrant charging Morabito with violating the conditions of his parole by failing to: report to his probation officer as directed; report a change in employment; submit supervision reports; and report a change in residence. Nine months later, in January 2003, Morabito was charged by the Commonwealth of Pennsylvania with nine counts each of theft, theft by deception, theft by receiving stolen property, unlawful use of a communication facility, and unlawful use of a computer. After Morabito was arrested on May 17, 2004 in connection with the state charges, the federal warrant was placed as a detainer. On April 12, 2005, the United States Marshal's Service executed the federal warrant and took Morabito into custody.

In the meantime, Morabito filed the underlying 28 U.S.C. § 2241 petition in the United States District Court for the Eastern District of Pennsylvania in June 2004. In his petition, Morabito alleged that the Commission violated his due process rights by failing to timely hold a five-year termination hearing pursuant § 4211(c)(1). The Magistrate Judge assigned to Morabito's case concluded that his claim lacked merit and

---

[1] Section 4211(c)(1) is part of the Parole Commission and Reorganization Act ("Parole Act"). The Parole Act was repealed effective November 1, 1987, but remains in effect as to any individual who committed an offense on or before November 1, 1987. Benny v. United States Parole Comm'n, 295 F.3d 977, 981 n. 2 (9th Cir. 2002). Because Morabito was sentenced in 1981, there is no question that the Parole Act applies to him.

recommended that his § 2241 petition be denied. Without adopting or rejecting the report and recommendation, the District Court dismissed Morabito's § 2241 petition as moot by order entered July 21, 2005. This timely appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Morabito's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

Section 4211(c)(2) provides that "[f]ive years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing . . . that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law." 18 U.S.C. § 4211(c)(2). On July 19, 2005, Morabito received an early termination hearing, as well as a parole revocation hearing. Thus, to the extent that Morabito requested an early termination hearing in his § 2241 petition, we agree with the District Court that his claim is moot. See generally Powell v. McCormack, 395 U.S. 486, 496 (1969) ("a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Moreover, to the extent that Morabito contends that the failure of the

Commission to conduct a timely early termination hearing entitles him to "a judicial order terminating [his] parole supervision," his claim clearly lacks merit. The remedy for a procedural violation of § 4211(c)(2) is not the termination of parole, but rather, a properly considered decision by the Commission. See, e.g., Benny, 295 F.3d at 982; Sacasas v. Rison, 755 F.2d 1533 (11th Cir. 1985); Penix v. United States Parole Comm'n, 979 F.2d 386 (5th Cir. 1992); United States ex. rel. Pullia v. Luther, 635 F.2d 612 (7th Cir. 1980) (explaining that parole supervision does not automatically terminate when the Commission fails to make an early release determination five years after parole release). Because Morabito's early termination hearing has been conducted, he has obtained the relief to which he is entitled under § 4421(c)(2).

Furthermore, Morabito's contention that his current custody is the result of the Commission's unlawful delay lacks merit. In short, Morabito's belief as to what the Commission would have considered and decided at a hearing in June 2001 is insufficient to establish a causal link between the Commission's failure to hold a timely early termination hearing and his custody. See Benny, 295 F.3d at 988-89. Likewise, we have little difficulty concluding that Morabito's allegations of bad faith and retaliation are based on nothing more than speculation and conjecture.

For the foregoing reasons, we will affirm the District Court's July 21, 2005, order.