# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1715

_____

Arnold Mitchell,                          *
                                          *
          Appellant,                      *
                                          *   Appeal from the United States
     v.                                   *   District Court for the Eastern
                                          *   District of Missouri.
United States Parole Commission,          *
                                          *   [PUBLISHED]
          Appellee.                       *

_____

Submitted: April 15, 2008
Filed: August 15, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal parolee Arnold Mitchell appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition challenging the revocation of his parole. For the reasons stated below, we affirm.

_____

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.

Mitchell was convicted of federal drug offenses in 1988 and sentenced to three concurrent 240-month terms of imprisonment and 3 years of supervised release. After serving 102 months, he was released on parole[2] on March 27, 1997, with a sentence-completion date in 2008. In February 2004, Mitchell was indicted for conspiring to commit federal mail fraud arising from conduct in 1998. After he was convicted of the mail fraud, the United States Parole Commission (Commission) conducted a parole-revocation hearing pursuant to 18 U.S.C. § 4214. Mitchell participated in the hearing under protest and argued that parole revocation was improper because he had not received a 5-year early-termination hearing in 2002, pursuant to 18 U.S.C. § 4211(c)(1).[3] The Commission found – based on the mail fraud – that there was a likelihood that Mitchell would engage in conduct a violating criminal law, revoked his parole, and committed him to the custody of the Bureau of Prisons.

---

[2]The Parole Commission and Reorganization Act (Parole Act), 18 U.S.C. §§ 4201-4218 (1984), was repealed effective November 1, 1987, but remains in effect for individuals who committed an offense before that date. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 218(a)(5), 235(b)(1)(A); see also Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, § 2(a). The parties agree that Mitchell committed his original offenses before November 1, 1987, and that the Parole Act applies to him.

[3]Section 4211(c)(1) is part of the Parole Act and provides in relevant part:

Five years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing . . . that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.

After Mitchell was re-released on parole on February 27, 2006, he appealed the Commission's parole-revocation decision to the National Appeals Board (Board), which affirmed. Noting that Mitchell – during his parole – had not only engaged in mail fraud, but also was reprimanded for failing to pay child support and was arrested three times for assaulting his wife, the Board determined that the Commission would not likely have terminated Mitchell's parole even if it had conducted a timely early-termination hearing, and thus Mitchell failed to show prejudice as a result of the Commission's failure to hold such a hearing in a timely manner. Citing section 4211(c)(1), the Board concluded that Mitchell's criminal violations demonstrated "more than a likelihood" that he would "engage in conduct violating any criminal law." The Board also concluded that Mitchell's credit for time spent on parole (i.e., "street time") had been forfeited under 18 U.S.C. § 4210(b)(2) upon his conviction for a new offense committed while on parole; consequently, his adjusted sentence-completion date was in 2016, rather than 2008.

Mitchell asserted in the instant petition that, contrary to the Board's determination, the Commission likely would have terminated his parole if it had conducted a timely early-termination hearing in 2002. Mitchell argued that the Commission would not have known about his 1998 mail fraud activities, and that he would have been able to show that the assault and child-support matters had been resolved. He thus argued that he was prejudiced by not receiving a timely early-termination hearing. He claimed that he improperly lost street time as a result of the parole revocation, and that he was unlawfully sentenced as a parole violator. He sought an order directing the Commission to terminate his parole or, in the alternative, to restore his street time by giving him a sentence-completion date in 2008.

The district court granted the Commission's motion to dismiss Mitchell's petition, determining that the Commission's failure to conduct a timely early-termination hearing was a procedural error not cognizable under § 2241, and that Mitchell had not shown his current custody was unlawful. The court further

concluded that even if Mitchell had sought a writ of mandamus to compel an early-termination hearing, he could not show prejudice, especially in light of the Board's decision.

For reversal, Mitchell argues that the district court erred in dismissing his petition, that his due process rights have been violated, and that his petition should have been construed as seeking a writ of mandamus.

II.

This court reviews de novo the district court's dismissal of Mitchell's § 2241 petition. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). This issue under § 4211(c)(1) is one of first impression in the Eighth Circuit.

We agree with the other circuits that have determined that the meaning of § 4211(c)(1) cannot be resolved solely on the basis of a textual analysis. The statute's reference to a decision made by the Commission "after a hearing" creates an ambiguity as to whether supervision automatically terminates in the absence of a timely hearing, or whether the statute contemplates that the Commission will conduct a hearing and exercise its judgment before a parolee is released from supervision. See United States ex rel. Pullia v. Luther, 635 F.2d 612, 613, 616-17 (7th Cir. 1980). We further agree that the legislative history strongly supports the view that § 4211(c)(1) creates only a right to a hearing, not a right to release in the absence of a timely hearing. The Seventh Circuit in Luther observed that the House sponsor of the Parole Act, which included § 4211(c)(1), remarked before passage of the Act that "[i]f the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly," id. at 616 (quoting 122 Cong. Rec. 5163 (1976) (statement of Rep. Kastenmeier)), and that the Senate sponsor similarly stated that "[i]f a legal remedy is necessary in the absence of good faith effort on the

part of the Commission, the remedy is to compel the decision, not release from custody." Id. (quoting 122 Cong. Rec. 4862 (1976) (statement of Sen. Burdick)). This analysis has been followed by several other circuits. See United States v. Benny, 295 F.3d 977, 982-85 (9th Cir. 2002); Morabito v. U.S. Parole Comm'n, 181 Fed. Appx. 244, 245-46 (3d Cir. 2006) (unpublished per curiam) (adopting Benny holding); Penix v. U.S. Parole Comm'n, 979 F.2d 386, 388-90 (5th Cir. 1992) (per curiam); Sacasas v. Rison, 755 F.2d 1533, 1535 (11th Cir. 1985) (per curiam). We further agree that under section 4211(c)(1), parole remains subject to the Commission's discretionary finding of rehabilitation under such circumstances. See Benny, 295 F.3d at 984; see also Valona v. U.S. Parole Comm'n, 235 F.3d 1046, 1048-49 (7th Cir. 2000) (holding that Commission could still make early-termination decision even though it failed to meet 5-year requirement).

For these reasons, we conclude that the Commission's failure to conduct a timely early-termination hearing was merely a procedural error and did not render Mitchell's custody unlawful. See Benny, 295 F.3d at 988-89; cf. Hutchings v. U.S. Parole Comm'n, 201 F.3d 1006, 1009 (8th Cir. 2000) (failure to conduct required preliminary interview was technical, non-prejudicial variance in parole-revocation proceeding and did not rise to constitutional violation). Because the Commission's non-compliance with § 4211(c)(1) did not implicate the fact or duration of Mitchell's parole, he did not have a cognizable claim for habeas relief. See Benny, 295 F.3d at 988; Luther, 635 F.2d at 617. Rather, a writ of mandamus is the proper method to compel the Commission to hold a timely early-termination hearing and make a decision pursuant to section 4211(c)(1). See Benny, 295 F.3d at 988-89; Luther, 635 F.2d at 616-17; Sacasas, 755 F.2d at 1535-36; cf. Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990) (appropriate remedy for Commission's failure to hold initial parole hearing is to require Commission to hold hearing at earliest possible date, not to order petitioner's release); United States v. Miller, 599 F.2d 249, 251 (8th Cir. 1979) (per curiam) (where inmate has not received timely initial parole hearing, proper course is to grant him hearing at earliest possible date); DeShields v. U.S.

Parole Comm'n, 593 F.2d 354, 355-56 (8th Cir. 1979) (per curiam) (same); Burton v. Ciccone, 484 F.2d 1322, 1323 (8th Cir. 1973) (where petitioner has not been given timely initial parole hearing, "neither the District Court nor this Court has the right to correct the mistake by ordering the petitioner released," but at most can "require the Parole Board to give the petitioner a fair hearing in accordance with its rules and regulations at the earliest possible date.").

Even if Mitchell's § 2241 petition had been construed as seeking mandamus, we conclude that the dismissal was proper. By the time Mitchell filed his petition, the Commission had revoked his parole, and the Board had determined that the Commission would not have granted early termination if it had held a timely hearing in 2002. At that point, there was no basis to compel an early-termination hearing, because the Commission and the Board had made a decision on the appropriateness of Mitchell's release. Section 4211(c) may well have entitled Mitchell to an earlier decision on possible termination of supervision if he had petitioned for a writ of mandamus in 2002 rather than waiting until 2005, but once the Commission and the Board rendered a decision in 2005, the statute does not grant Mitchell a right to release based on what hypothetically might have happened in 2002 if a hearing had been conducted then.

For these reasons, the judgment of the district court is affirmed.

_____