# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3468

———————

Jack Casey Sisemore,                    *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Eastern District of Arkansas.
T. C. Outlaw, Warden, FCI - Forrest     *
City,                                   *   [UNPUBLISHED]
                                        *
            Appellee.                   *

———————

Submitted: January 22, 2010
Filed: February 3, 2010

———————

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Federal inmate Jack Sisemore appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition. After careful de novo review, see Mitchell v. U.S. Parole Comm'n, 538 F.3d 948, 951 (8th Cir. 2008) (per curiam), we conclude that dismissal was proper for the reasons stated by the district court. See 18 U.S.C. § 3585(a)

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

(sentence to term of imprisonment commences on date defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, official detention facility at which sentence is to be served); United States v. Wilson, 503 U.S. 329, 331-35 (1992) (after district court sentences federal offender, Attorney General, through Bureau of Prisons, has responsibility for administering sentence, including awarding credit for time served on federal sentence); Fegans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007) (18 U.S.C. § 3621(b) provides Bureau of Prisons with broad discretion to choose location of inmate's imprisonment); Coloma v. Holder, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam) (district court's order that prison term should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____