# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1998

_____

| | | |
|---|---|---|
| Daniel R. Giannini, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Federal Bureau of Prisons, et al., | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: December 20, 2010
Filed: December 28, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Giannini, a federal prisoner confined at the Federal Medical Center in Lexington, Kentucy, appeals the district court's[1] denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. After careful de novo review, we conclude that Giannini is not entitled to habeas relief. See Mitchell v. U.S. Parole Comm'n, 538 F.3d 948, 951 (8th Cir. 2008) (per curiam) (standard of review). First, we agree with

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota (now retired), adopting the report and recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

the district court that neither the Due Process Clause nor 18 U.S.C. § 3621(e)(2)(B) creates a liberty interest in receiving a sentence reduction upon completion of a Bureau of Prisons residential drug abuse program, and that no due process violation therefore occurred in this case. See Richardson v. Joslin, 501 F.3d 415, 420 (5th Cir. 2007). Second, we agree with the court that 28 C.F.R. § 550.55(c) and the related Program Statement 5331.02 were promulgated in compliance with the Administrative Procedure Act and are reasonable and allowable interpretations of their enabling act. See 5 U.S.C. § 553; Lopez v. Davis, 531 U.S. 230, 242 (2001). Finally, we agree with the court that the regulation and program statement do not violate the Ex Post Facto Clause with respect to Giannini, who was neither notified of his eligibility for a provisional sentence reduction nor enrolled in a residential drug abuse program before the effective date of the regulation and program statement. See Grove v. Fed. Bureau of Prisons, 245 F.3d 743, 747 (8th Cir. 2001). We note that the cases on which Giannini relies with respect to this argument are merely persuasive authority and are factually distinguishable, and that his remaining arguments do not provide any basis to reverse the district court.

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____