# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2012

Lyle W. Cayce
Clerk

No. 11-41096
Summary Calendar

ERIC NELSON BERTRAM,

Petitioner-Appellant

v.

JODY R. UPTON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-222

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eric Nelson Bertram appeals the dismissal of his 28 U.S.C. § 2241 application seeking relief from his 45-year aggregated prison sentence on his convictions for postal fraud, possession of an unregistered firearm, illegal manufacture of a firearm, and commission of an offense while on release. We affirm.

Bertram was convicted March 1987, before the Sentencing Reform Act abolished parole. He became eligible for parole in September 1996. He was first

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

released on parole in December 1998, but the United States Parole Commission (Commission) revoked his parole in February 2000 and ordered that he be released again after the service of 10 more months in custody. Bertram was again released into the community in December 2000. Three years later, the Commission considered him for early parole termination under 18 U.S.C. § 4211 and 28 C.F.R. § 2.43 but determined that continued supervision was necessary. The Commission conducted additional reviews in 2004 and 2005, both times finding that continued supervision of Bertram was warranted.

In September 2006, Bertram was charged with illegally possessing a firearm and possessing an altered firearm, acts that would constitute violations of his parole terms. In January 2007, a probation officer determined that there was probable cause to proceed with revocation proceedings against Bertram. On the officer's recommendation, the Commission provided Bertram with documentation that would be used at his revocation hearing. In April 2007, the Commission conducted a combined parole revocation hearing and five-year early termination hearing. *See* 18 U.S.C. § 4211(c)(1). Bertram appeared at the hearing but left after becoming belligerent and profane and twice telling the officer to shut up. On May 21, 2007, the Commission ordered that Bertram remain under supervision, revoked his parole, and continued his reconsideration hearing to April 2022, which was above his reparole guidelines.

Bertram posits these matters for review: first, whether the Commission was required to abide by its regulations; and second, whether the district court was required to answer each and every issue that he raised. Because Bertram fails to brief the second issue, however, we deem it abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, Bertram asserts that he was not given sufficient time in which to retain counsel for the revocation hearing and states that he did not waive his right to an attorney. In reviewing the denial of relief on Bertram's surviving

claims, we review the " district court's findings of fact for clear error and issues of law de novo." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A federal prisoner's challenge to the Commission's actions or omissions must establish a violation of either the Constitution or federal law. *See* § 2241(c)(3). The revocation of parole must be accompanied by procedural due process. *Brown v. Lundgren*, 528 F.2d 1050, 1052 (5th Cir. 1976). The process due consists of notice, a hearing at which the parolee has a chance to be heard and to show that he did not violate the terms of his parole, a neutral hearing body, and a written statement of factfindings. *Morrissey v. Brewer*, 408 U.S. 471, 487-88 (1972). The record shows that Bertram received adequate notice, was afforded a hearing before a neutral adjudicator but spurned it, and received written factfindings. As for Bertram's suggestion that he had a constitutional right to counsel, it does not survive scrutiny under *Gagnon v. Scarpelli*, 411 U.S. 778, 790-91 (1973).

We conclude also that the Commission committed no actionable violation of federal statutory law. That the Commission did not hold a timely five-year termination hearing does not mean, as Bertram would have it, that his parole had already terminated when he committed the acts that the Commission deemed to be parole violations. *See* § 4211(c)(1); *Penix v. U.S. Parole Comm'n*, 979 F.2d 386, 388-90 (5th Cir. 1992). And even assuming that § 2241 might otherwise be implicated by the Commission's failure to follow Commission regulations, *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265-66 & n.7 (1954), Bertram fails to show that he suffered substantial prejudice as a result. *See American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970). Bertram does not deny that he violated his parole conditions or that he was convicted in 2008 of possessing firearms subsequent to a felony conviction.

AFFIRMED.