# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1823
_____

Jimmie Lee Johnson

*Plaintiff - Appellant*

v.

T. C. Outlaw, Warden, FCI-Forrest City

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: September 27, 2012
Filed: October 9, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Jimmie Johnson appeals the district court's[1] denial of his 28 U.S.C. § 2241 petition, in which he challenged disciplinary proceedings that

_____

[1]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

ultimately resulted in, among other things, a loss of good-time credits. Upon careful de novo review, see Mitchell v. U.S. Parole Comm'n, 538 F.3d 948, 951 (8th Cir. 2008) (per curiam), we agree with the district court that Johnson was afforded adequate due process in the disciplinary proceedings, and that the disciplinary decision was supported by "some evidence," see Superintendent v. Hill, 472 U.S. 445, 454-57 (1985) (when prison disciplinary hearing results in loss of good-time credits, inmate must receive (1) advance notice of charges; (2) opportunity--consistent with institutional safety and correctional goals--to call witnesses and present documentary evidence; and (3) factfinder's written statement of evidence relied upon and reasons for disciplinary action; regarding sufficiency of evidence, due process is satisfied if "some evidence" supports disciplinary decision to revoke good-time credits; "some evidence" standard does not require examination of entire record, independent assessment of credibility of witnesses, or weighing of evidence; even if evidence is "meager," due process satisfied as long as record is not so devoid of evidence that findings of disciplinary board were without support or otherwise arbitrary).

Accordingly, we affirm the judgment. See 8th Cir. R. 47B.

_____