**Hassan ABDUL–MALIK, Petitioner– Appellant,**

v.

**Kathleen M. HAWK–SAWYER, Director of the U.S. Federal Bureau of Prisons; Wallace H. Cheney; David Radin, Northeast Regional Office; Regional Inmate Systems Administrator, Bureau of Prisons Northeast Regional Office, Respondents–Appellees.**

**Docket No. 04–3877–PR.**

United States Court of Appeals, Second Circuit.

Submitted: Feb. 2, 2005.

Decided: April 5, 2005.

Hassan Abdul–Malik, pro se, Fallsburg, New York, Appellant.

Before: JACOBS, CALABRESI, Circuit Judges, RAKOFF, District Judge.*

JACOBS, Circuit Judge.

Hassan Abdul–Malik moves for appointment of counsel and *in forma pauperis* status in his appeal from an order of the United States District Court for the Southern District of New York (Batts, *J.*), dismissing his petition under 28 U.S.C. § 2241 as meritless. Abdul–Malik, who is now serving a seventeen-year sentence in state custody and who is sentenced to serve thirty years for an unrelated federal offense, is seeking a declaration that his sentence in the state correctional facility should run concurrently to his federal prison sentence. Under this Circuit's precedent, the Federal Bureau of Prisons ("BOP") has the authority under 18 U.S.C. § 3621 to designate Abdul–Malik's state prison as a place of federal confinement, with the result that Abdul–Malik would serve his sentences concurrently. *See McCarthy v. Doe*, 146 F.3d 118, 122–23 (2d Cir.1998). Abdul–Malik applied to the BOP for that designation and it was denied.

We conclude that Abdul–Malik lacks any ground for relief under current law. The appeal is therefore dismissed. However, because incompatible federal rulings under 18 U.S.C. §§ 3584 and 3621 raise fundamental questions concerning federalism and the separation of powers, and because these issues may warrant congressional attention, we direct the Clerk of Court to forward a copy of this opinion to the

---

Chairs and the Ranking Members of the House and Senate Judiciary Committees.

## BACKGROUND

The following facts are based on Abdul–Malik's filing, which has not been disputed by the government. Abdul–Malik was in New York custody awaiting trial on various state criminal charges when, in June 1992, he was indicted on unrelated federal charges. Pursuant to a writ of *habeas corpus ad prosequendum,* Abdul–Malik was removed to federal custody; and in July 1993 he was convicted in federal district court of conspiracy and postal robbery, for which he was sentenced to thirty years in prison. The district court did not say whether the federal sentence was to be served concurrently or consecutively with any future state sentences. Abdul–Malik was then returned to state custody, and in August 1994 he was sentenced by the state court to seventeen years for attempted murder. The state court indicated that this sentence was to be served concurrently with Abdul–Malik's federal sentence. Abdul–Malik has remained in state custody since that time.

Abdul–Malik requested that the BOP designate his state prison as a federal prison, *nunc pro tunc,* pursuant to 18 U.S.C. § 3621. After the request was denied, Abdul–Malik petitioned for relief in the district court. Magistrate Judge Dolinger recommended that the writ be denied; Judge Batts adopted the report and recommendation, and the petition was dismissed.

As Magistrate Judge Dolinger explained, the BOP lacks authority to determine whether a prisoner's sentences should run concurrently when the federal sentencing court imposes sentence *after* the state and fails to note whether a sentence should be consecutive or concurrent; but in cases like Abdul–Malik's, where the federal court imposes sentence *before* the state court, the BOP has the effective authority to determine how the sentences should run. Abdul–Malik timely appealed to this Court.

## DISCUSSION

■ Under 28 U.S.C. § 1915(a)(1), this Court can authorize indigents' appeals without prepayment of fees. However, this Court must dismiss such appeals if satisfied that they are frivolous. 28 U.S.C. § 1915(e)(2). Where an appeal is "based on an indisputably meritless legal theory," this Court will dismiss it as frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Because the law (at least in this Circuit) makes clear that Abdul–Malik has no viable claim for relief, the appeal is dismissed.

Under 18 U.S.C. § 3584(a):

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Here, the federal sentencing court did not specify that the federal sentence should run concurrently to the state sentence that was soon to be imposed. That may be just as well, because the circuits are split as to whether a federal court has the authority to order that the sentence it is imposing run concurrently with a state

sentence that has not yet been imposed.[2] *See Romandine v. United States,* 206 F.3d 731, 738 (7th Cir.2000) (holding federal court lacks authority); *United States v. Quintero,* 157 F.3d 1038, 1039 (6th Cir. 1998) (holding federal court lacks authority); *United States v. Williams,* 46 F.3d 57, 59 (10th Cir.1995) (holding federal court has authority); *United States v. Ballard,* 6 F.3d 1502, 1510 (11th Cir.1993) (holding federal court has authority); *United States v. Brown,* 920 F.2d 1212, 1217 (5th Cir. 1991) (holding federal court has authority).

■ The state sentencing court *did* specify that the state sentence should run concurrently to the federal sentence. However, such a determination is not binding on federal authorities. *McCarthy v. Doe,* 146 F.3d 118, 120–21 (2d Cir.1998) ("[A]lthough petitioner emphasizes the state court's designation of its sentence to run concurrently with petitioner's federal sentence, we note that the state court's intent is not binding on federal authorities.") (*citing United States v. Sackinger,* 704 F.2d 29, 32 (2d Cir.1983) (holding federal court is not bound by terms of plea agreement between defendant and state authorities)).

■ Thus in some circuits, when a defendant is sentenced first in federal court and then on an unrelated offense in state court, neither judge can effect concurrent sentencing even if that is the intention of both. Perhaps to mitigate this situation, two circuits (including this one) have read the provision in 18 U.S.C. § 3583(a) requiring that multiple prison terms "run consecutively unless the court orders that the terms are to run concurrently" as inapplicable to instances in which the federal sentence is imposed first. *See McCarthy,*

146 F.3d at 121–22; *Barden v. Keohane,* 921 F.2d 476, 478 (3rd Cir.1990). *McCarthy* explains that § 3583(a) by its terms applies to federal defendants "already subject to an undischarged term of imprisonment," but makes no mention of federal defendants facing future state sentencing. *McCarthy,* 146 F.3d at 121–22. This reading is encouraged by the legislative history of the statute and by the fact that where a defendant is awaiting a state sentence, the absence of any specification by the federal court as to whether its sentence should run concurrently or consecutively does not signify intent that the sentences run consecutively because the federal court may not even know that another sentence is about to be imposed. *Id.* at 122.

Having deemed § 3583(a) inapplicable when the federal sentence is imposed before imposition of the state sentence, *McCarthy* followed Third Circuit precedent and looked to 18 U.S.C. § 3621(b), which gives the BOP the authority to "designate the place of the prisoner's imprisonment" and for that purpose to "designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise." *McCarthy,* 146 F.3d at 122–23. *McCarthy* and *Barden* both held, then, that the BOP could designate the state facility in which the prisoner was serving his state sentence as the place of federal confinement—with the result that, if the BOP made such a designation, the prisoner's sentences would effectively run concurrently. *Id.; Barden,* 921 F.2d at 478; *see also Martinez v. United States,* 19 F.3d 97 (2d Cir.1994) (*per curiam*). The Circuits are split as to whether the BOP actually has such authority. *Compare McCarthy,* 146 F.3d at 122–

---

**2.** This Circuit has not decided whether a federal court has this authority under 18 U.S.C. § 3584(a), though we did hold that federal courts had this authority under predecessor statutes. *See Salley v. United States,* 786 F.2d 546, 547–48 (2d Cir.1986). This question is not now before us.

23 *and Barden,* 921 F.2d at 478 *with Romandine,* 206 F.3d at 738. And though the BOP exercises the authority, it carefully declines to claim it.

A separation of powers issue arises when the same branch of government that prosecutes federal prisoners determines concurrency in lieu of the judge. Federalism concerns are implicated because the federal BOP is given the effective authority to enforce (or not) a state court's determination that a state sentence should run concurrently. Given the divergent readings of the statutory scheme in the various circuits, the open questions as to how to treat prisoners sentenced first in federal and then in state court, and the phenomenon (in some circuits) that neither the state nor the federal court can run those sentences concurrently, we respectfully invite congressional consideration of these statutes.

■ That said, the law in this Circuit is clear as to the appropriate disposition in Abdul–Malik's circumstances. The district court correctly determined that the BOP gave "full and fair consideration" to Abdul–Malik's request for designation of his state prison *nunc pro tunc* as a place of federal incarceration. *McCarthy,* 146 F.3d at 123. The decision whether to designate a facility as a place of federal detention "is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Taylor v. Sawyer,* 284 F.3d 1143, 1149 (9th Cir.2002). The implications of this discretion are worrisome and unresolved, but we are bound by our precedent.

## CONCLUSION

For the foregoing reasons, we deny Abdul–Malik's motion and dismiss the petition, but we direct the Clerk of Court to forward a copy of this opinion to the Chairs and Ranking Members of the House and Senate Judiciary Committees.