# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2920

———————

| | | |
|---|---|---|
| Michael J. Fegans, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| United States of America, et al., | * | |
| | * | |
| Defendants - Appellees. | * | |

———————

Submitted:  June 13, 2007
Filed:  November 8, 2007

———————

Before LOKEN, Chief Judge, ARNOLD and COLLOTON, Circuit Judges.

———————

LOKEN, Chief Judge.

In 1991, Michael Fegans pleaded guilty to bank robbery in the United States District Court for the Western District of Arkansas while unrelated charges were pending in state court. The district court sentenced him to 125 months in prison. Federal authorities returned Fegans to state custody, the state court convicted and sentenced him to eighteen years in prison, and he began to serve that sentence. In 2000, while still in state custody, Fegans submitted a letter request asking the United States Bureau of Prisons ("BOP") for a *nunc pro tunc* designation of the state prison as the place to serve his federal sentence. The BOP denied the request. In an affidavit submitted some years later, the Regional Inmate Systems Administrator explained that

the agency found no evidence the federal court intended concurrent sentences and concluded that concurrent sentences would not be "in the interest of the criminal justice system."

Turning to the courts for relief, Fegans first sought a writ of error coram nobis in the Western District of Arkansas, asserting that he was assured by his attorney and by the federal prosecutor before pleading guilty that his federal and state sentences would be concurrent, and seeking to enforce the benefit of that bargain. The district court held an evidentiary hearing, found no evidence of such a bargain, and denied the writ. We affirmed but remanded to enable Fegans to seek other relief. On remand, Fegans filed a motion for relief under 28 U.S.C. § 2255, asserting ineffective assistance of counsel, and a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking to overturn the BOP's adverse decision.[1] The Western District denied the § 2255 motion and transferred the § 2241 petition to the Eastern District of Arkansas, where Fegans was in state custody. The Eastern District[2] denied the petition. Fegans appeals. We affirm.

Fegans seeks judicial review of a BOP designation of the place where he will serve a federal prison sentence. When a federal court imposes a prison sentence, Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). This statute "provides the BOP with broad discretion to choose the location of an inmate's

---

[1]Habeas corpus is the proper judicial procedure for reviewing this BOP decision, as Congress has declared the Administrative Procedure Act inapplicable. See 18 U.S.C. § 3625.

[2]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the HONORABLE J. THOMAS RAY, United States Magistrate Judge for the Eastern District of Arkansas.

imprisonment," so long as the factors enumerated in the statute are considered. Fults v. Sanders, 442 F.3d 1088, 1090-91 (8th Cir. 2006). A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP. 18 U.S.C. § 3585(a). Thus, when a federal defendant is already serving a state sentence, BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence." Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000).

Before 1984, many cases held that federal courts could not order federal sentences concurrent with state sentences, because that power would conflict with the Attorney General's authority. See United States v. Janiec, 505 F.2d 983, 986-87 (3d Cir. 1974), citing Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967), and other cases. The landscape changed in 1984 with the enactment of 18 U.S.C. § 3584(a). When a federal defendant is "already subject" to "an undischarged term of imprisonment," that statute expressly authorizes the district court to make the federal sentence run "concurrently or consecutively" with the undischarged term. See also U.S.S.G. § 5G1.3; United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006).

However, Congress in § 3584(a) did not expressly address whether federal courts may decide to order a federal sentence to be served concurrent to or consecutive with a state prison sentence *that has not yet been imposed*. This issue arises when, as in this case, the State has initial custody and "loans" the defendant to federal authorities for federal prosecution.[3] After a federal conviction and sentencing, the U.S. Marshals Service returns the defendant to state authorities rather than delivering him to the BOP to begin serving his federal sentence. When the defendant is convicted in state court and begins serving his state sentence, a federal detainer is

[3]Procedurally, that was accomplished in this case by the federal court issuing a writ of habeas corpus *ad prosequendum* to Fegans's state custodian directing that he be transferred to federal custody until federal court proceedings were concluded.

-3-

lodged based upon the unserved federal sentence. When the state sentence has been served, the detainer is executed and the defendant is delivered to the BOP to serve his federal sentence. The issue is compounded when, again as in this case, the state court initially declares that the sentences should be concurrent. It is well-settled that the state court's intent is not binding, so the state court's action raises the defendant's expectations but does not resolve the issue. See Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996); Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005).

The circuits are divided over whether 18 U.S.C. § 3584(a) implicitly authorizes a federal court to declare a federal sentence concurrent to a state sentence not yet imposed. See Abdul-Malik, 403 F.3d at 74-75. Our court has held that a consecutive sentence may be imposed, consistent with the presumption in the last sentence of § 3584(a).[4] United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001). However, even if federal courts have that power, "the Sentencing Reform Act of 1984 dramatically curtails a district judge's power to revise a sentence after its imposition," which is when the power could be more prudently exercised because the anticipated state court sentence has been imposed. Romandine, 206 F.2d at 734-35. Thus, in most cases in which this issue has arisen, the district court's intent regarding the concurrency issue is not clearly discernable from the federal sentencing record.

The BOP has acted to fill this void, largely as a result of a Third Circuit command that the BOP exercise authority "to determine concurrency" through a *nunc pro tunc* designation of the state prison as the place of federal confinement when the federal district court lacks power to do so. Barden v. Keohane, 921 F.3d 476, 483-84 (3d Cir. 1990). Other circuits have approved or at least acknowledged this exercise

---

[4]"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Other circuits differ as to whether this language applies to another sentence not yet imposed when the federal sentence is imposed. Compare Romandine, 206 F.3d at 738, with McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998).

of BOP authority. See Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), cert. denied, 537 U.S. 1119 (2003); Romandine, 206 F.3d at 738; McCarthy, 146 F.3d at 122. Though we agree with the Second Circuit that Congress should examine the issue because it implicates important federalism and separation of powers concerns, Abdul-Malik, 403 F.3d at 76, we assume -- as the parties have assumed -- that the BOP has statutory authority to make *nunc pro tunc* designations that have the effect of making a federal sentence concurrent to a later-imposed state sentence.

To guide its exercise of this discretion, the BOP promulgated Program Statement 5160.03 in September 1994, which it applied in denying Fegans's request in 2000.[5] Consistent with Barden v. Keohane, paragraph 7(d) authorized BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve his federal sentence. Paragraph 6 declared that such a designation "shall be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." The Statement further declared that BOP would not allow a concurrent sentence if the federal sentencing court had already made a contrary determination. Absent such a determination, if the regional BOP officials decide that concurrent service "may be appropriate," they must ask the federal sentencing court if it has any objections.

In this case, Fegans concedes that the sentencing order was silent on the question whether his federal bank robbery sentence should be concurrent with any sentence the state court might impose in the pending proceedings. But he takes issue with the BOP's interpretation of the transcript of his sentencing proceeding. The district judge (who is now deceased) denied Fegans a two-level reduction for acceptance of responsibility under the Sentencing Guidelines because Fegans only

_____

[5]The current Program Statement, PS 5160.05, entitled Designation of State Institution for Service of Federal Sentence, was promulgated in January 2003. The provisions of the later Statement are more detailed and explicit, but we discern no substantive differences that are significant to this appeal.

pleaded guilty "to get the state charges dropped or run concurrent." Fegans argues this was "an implicit finding of fact establishing the existence of an agreement in State Court to sentence concurrently," thus placing him in the same posture as the defendant in Hendrix v. Norris, 81 F.3d at 808, where we remanded because "the intent of the federal sentencing court is uncertain."

This contention is fatally flawed because it ignores the limited scope of our review. The BOP responded to Fegans's request for a *nunc pro tunc* designation by contacting the United States Probation Office for the Western District of Arkansas and reviewing the sentencing transcript. Based upon this inquiry, the BOP found no evidence that the federal sentencing judge intended the sentences to be concurrent. This agency finding is entitled to substantial deference, more than either district court afforded it. See Taylor, 284 F.3d at 1149. But in any event, both courts conducted an essentially *de novo* review and agreed with the BOP's finding. In denying coram nobis relief, the Western District found after an evidentiary hearing that Fegans's federal sentence was imposed with "absolutely no reference" to an understanding that it would be concurrent with any state sentence later imposed. In denying habeas relief, the Eastern District concluded in a thorough opinion that "the BOP had no facts in the record from which it could reasonably determine any expression of intent by [the sentencing judge] that Petitioner's federal sentence should run concurrent with any yet-to-be-imposed state sentence." Thus, the BOP finding must be upheld.

Having found no evidence the federal court intended concurrent sentences, the BOP turned to the other factor to be considered under Program Statement 5160.03, "the goals of the criminal justice system." The agency reviewed Fegans's "extensive and serious criminal history," including an attempted escape in 1991 that resulted in an additional eight-year consecutive state sentence, and concluded "it was not in the interest of the criminal justice system to grant . . . a *nunc pro tunc* designation." We review this BOP decision for abuse of the agency's substantial discretion under 18 U.S.C. § 3621. Grove v. Fed. Bureau of Prisons, 245 F.3d 743, 746-47 (8th Cir.

2001); see Taylor, 284 F.3d at 1149; McCarthy, 146 F.3d at 123. Here, the BOP carefully considered the relevant factors and acted in accordance with the Program Statement. Its decision must be upheld.

Finally, Fegans urges us to remand to the district court for further consideration of whether he should be permitted to reopen his motion seeking relief under 28 U.S.C. § 2255 for ineffective assistance of counsel. We decline to do so. That relief must be sought in "the court which imposed the sentence," here, the Western District of Arkansas. Earlier this year, Fegans filed a § 2255 motion in the Western District of Arkansas, which remains pending. United States v. Michael Jerome Fegans, Crim. No. 6:91CR60022-001, Civ. No. 07-6027 (W.D. Ark. filed Apr. 30, 2007).

The judgment of the district court is affirmed.

_____