# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1453

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Alan E. Gurski, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

———————

Submitted: December 8, 2008
Filed: March 26, 2009

———————

Before MELLOY and BENTON, Circuit Judges, and DOTY,[1] District Judge.

———————

PER CURIAM.

In November 2000, Alan Gurski drugged and sodomized a sixteen-year-old boy. State authorities charged Gurski with statutory sodomy. In October 2001, while the state charges were still pending, federal authorities took Gurski into custody and charged him with distributing gamma-hydroxybutyrate ("GHB") to a person under twenty-one years of age. Gurski pleaded guilty to that charge, and in May 2002, the

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

district court[2] sentenced him to fifty-one months' incarceration. Federal authorities then returned Gurski to state custody, where he was convicted of the statutory sodomy charge. In November 2002, the state sentenced Gurski to seven years' imprisonment, and shortly thereafter, he was transferred to the Missouri Department of Corrections to begin his state sentence. In January 2008, after being returned to federal custody to begin his federal sentence, Gurski entered a Motion for Sentencing Order *Nunc Pro Tunc*, requesting that the district court modify the federal sentence to run concurrently with the state sentence. The district court denied Gurski's motion, and Gurski now appeals.

We have held that "a district court has broad discretion" to determine whether a sentence will run consecutively or concurrently with a yet-to-be-imposed state sentence. United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001). The district court's power to revise such a sentence after it is imposed, however, is much more limited. Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007). Even assuming the Bureau of Prisons has *nunc pro tunc* authority "to determine concurrency" by designating the state prison as the place of federal confinement under 18 U.S.C. § 3585(a), id. (quotation omitted), the district court has no such authority in the first instance. Romandine v. Unites States, 206 F.3d 731, 738–39 (7th Cir. 2000) ("[Defendant] must serve his federal sentence after his state sentence ends, unless he can persuade the Attorney General to start the federal clock while he is still in state custody."); see 18 U.S.C. § 3582(c) (court's limited authority to modify a sentence); Fed. R. Crim. P. 35 (scope of court's authority to correct or reduce a sentence).

---

[2]The Honorable Stephen N. Limbaugh, Senior, United States District Judge for the Eastern District of Missouri, now retired.

To the extent Gurski requests credit for the prior custody to be applied both to his state sentence and to his consecutive federal sentence, such double credit is not permitted under 18 U.S.C. § 3585(b)(2).

For the foregoing reasons, we affirm the judgment of the district court.

_____