WILLIAM A. FLETCHER, Circuit Judge,
concurring:
I would also affirm the district court’s denial of the writ of habeas corpus. The federal Bureau of Prisons (“BOP”) acted properly in construing the sentencing judge’s answer to the BOP’s letter, in which the judge refused to express a preference, as an indication that a consecutive sentence was appropriate. I write separately to express my concern that the BOP’s nunc pro tunc practice raises serious separation of powers questions.
I. Calculation of Sentences
In order to understand why the BOP’s practice raises separation of powers concerns, it is necessary to discuss at some length the manner in which sentences are determined and calculated. A federal judge determines the length of a term of imprisonment for a person convicted of a federal crime. See 18 U.S.C. §§ 3551, 3553. Included in that determination is a decision whether terms of imprisonment will be served concurrently or consecutively. When choosing between concurrent and consecutive terms, a federal judge must “consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C.] section 3553(a).” 18 U.S.C. § 3584(b). The factors set forth in § 3553(a) include “the nature and circumstances of the offense and the history and characteristics of the defendant”; “the need for the sentence ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment ...; to afford adequate deterrence ...; to protect the public from further crimes of the defendant”; and “the need to avoid unwarranted sentence disparities.”
The federal Bureau of Prisons incarcerates persons convicted of federal crimes. See 18 U.S.C. § 3621. Among its other responsibilities, the BOP calculates the length of time a person spends in federal prison in fulfilling the sentence imposed by a federal judge. In United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), the Supreme Court held that the BOP is responsible for calculating the amount of credit, if any, a federal prisoner should receive based on time previously served under another sentence, *1154 including a sentence served in state prison. See 18 U.S.C. § 3585(b) (“A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[ ] that has not been credited against another sentence.”).
A rule of construction for determining whether a federal sentence is concurrent or consecutive with another sentence is provided in 18 U.S.C. § 3584(a):
If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
The first sentence of § 3584(a) has two clauses that address distinct situations. The first clause refers to multiple terms of imprisonment imposed on a defendant at the same time; this clause applies when a judge sentences a defendant in the same criminal proceeding for multiple violations of federal law. The second sentence of § 3584(a) provides that in this situation, if the federal judge fails to specify either concurrent or consecutive sentences, the sentences are concurrent. The second clause of the first sentence refers to a term of imprisonment imposed when a defendant has already been sentenced in a separate state or federal proceeding, and when that earlier term has not yet been fully served. The third sentence of § 3584(a) governs this situation, providing that if the federal judge fails to specify either a concurrent or consecutive sentence, the federal sentence is consecutive. The third sentence may be read more broadly to govern, in addition, the situation in which the federal judge imposes a sentence and another sentence is imposed afterwards. In these situations, if the federal judge fails to specify, the sentences are consecutive.
The federal courts of appeals have split on the question of whether a federal sentencing judge has the authority to dictate whether a sentence is to run concurrently or consecutively with respect to a yet-to-be imposed sentence. The Eighth, Tenth and Eleventh Circuits have held that the judge has this authority. See United States v. Mayotte, 249 F.3d 797, 798-99 (8th Cir. 2001) (per curiam); United States v. Williams, 46 F.3d 57, 58-59 (10th Cir. 1995); United States v. Ballard, 6 F.3d 1502, 1510 (11th Cir.1993). The Second, Fourth, Sixth and Seventh Circuits, as well as our own, have held that the judge does not have this authority. See United States v. Donoso, 521 F.3d 144, 149 (2d Cir.2008); United States v. Smith, 472 F.3d 222, 225-26 (4th Cir.2006); Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir.2002) (citing United States v. Neely, 38 F.3d 458, 460-61 (9th Cir.1994); United States v. Clayton, 927 F.2d 491, 492 (9th Cir.1991)); Romandine v. United States, 206 F.3d 731, 737-38 (7th Cir.2000); United States v. Quintero, 157 F.3d 1038, 1039-40 (6th Cir.1998). The Fifth Circuit has held that the judge has this authority with regard to a yet-to-be imposed state sentence, but not a federal sentence. See United States v. Quintana-Gomez, 521 F.3d 495, 498 (5th Cir. 2008); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.1991), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472-73 (5th Cir.2006).
*1155 In circuits where the federal sentencing judge does not have the authority to dictate whether the federal sentence is to run concurrently or consecutively with a yet-to-be imposed sentence, the default is that the two sentences run consecutively. See Romandine, 206 F.3d at 737-38; see also Taylor, 284 F.3d at 1149. The same default result is achieved in circuits where the judge has the authority, if the judge fails to specify a concurrent or consecutive sentence. See 18 U.S.C. § 3584(a) (third sentence). The default result can frustrate the desire of a federal sentencing judge. This is clearly so in circuits where the federal sentencing judge would impose a concurrent sentence with the yet-to-be imposed sentence but has no authority to do so. This can also be so in circuits where the federal sentencing judge has the authority to impose a concurrent sentence but at the time of sentencing has insufficient information about the circumstances of the other crime and the yet-to-be imposed sentence for that crime to decide whether a concurrent sentence is appropriate.
If the second sentencing judge is a federal judge, the desire of the initial sentencing judge to impose a concurrent sentence may sometimes be effectuated. In that circumstance, the second judge has the authority to impose a sentence that will run concurrently with the first. The second judge may or may not have the same view of the case, and of the appropriate sentence, as the first judge. But at least the second judge will be applying the same federal sentencing criteria as the first judge, and may reach the same answer the first judge would have reached.
When the second sentencing judge is a state judge, the desire of the initial sentencing judge to impose a concurrent sentence may also be effectuated; but that possibility is more remote than in the case where the second sentencing judge is federal. The problem arises when the state authorities have primary jurisdiction but the federal sentence is imposed first. The federal circuits are unanimous in holding that a state judge has no authority to require that a state sentence of imprisonment be served concurrently with a previously imposed federal sentence. See Taylor, 284 F.3d at 1151-52 (“[T]he BOP does not need to abide by a state’s express desire to have its sentence run concurrent to a previously imposed federal sentence.”); see also Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir.2007) (“It is well-settled that the state court’s intent is not binding.”); Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 73 (2d Cir.2005). That is, there is nothing a state court judge can do to require federal authorities to credit time served on a state sentence against a federal sentence. The state judge may take a previously imposed federal sentence into account by imposing a shorter state sentence than the judge otherwise would, thereby achieving a de facto concurrent sentence. But the state judge, for reasons of state law or policy, may be unable to do so even if that judge so desires.
So far as I am aware, there are no statistics showing how often a federal sentencing judge desires to impose a sentence that will run concurrently with a yet-to-be-imposed sentence but is unable to achieve that result. Similarly, I am not aware of statistics showing how often, in cases in which the first judge is federal and the second judge is state, both judges desire to impose concurrent sentences but neither judge is able to achieve that result. But even without reliable statistics, it is obvious that under the law, at least as so far described, there is a problem in effectuating the sentencing intention of a federal judge when he or she is the first judge to impose sentence.
*1156 In 1991, the Third Circuit devised an ingenious solution to the problem posed when the state has primary jurisdiction but the federal sentence is imposed before the state sentence. In Barden v. Keohane, 921 F.2d 476 (3d Cir.1991), the court interpreted 18 U.S.C. § 3621(b) to permit the federal BOP to issue a nunc pro tunc order designating state prison as the place for service of a federal sentence, thereby achieving a concurrent state and federal sentence beginning on the date specified in the order.
Section 3621(b) provides:
Place of imprisonment. — The Bureau of Prisons shall designate the place of the prisoner’s imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—
(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.
18 U.S.C. § 3621(b).
On its face, § 3621(b) appears to direct the BOP to determine only where a prisoner may be housed. The BOP may designate a non-federal facility, so long as that facility meets “minimum standards of health and habitability,” and so long as the BOP has determined that the facility is “appropriate and suitable.” Nowhere does § 3621(b) explicitly authorize the BOP, in designating a non-federal facility, to determine nunc pro tunc that time served in a state facility pursuant to a state sentence has been served concurrently with a federal sentence that was imposed earlier. However, the Third Circuit in Barden read § 3621(b) to provide that authorization.
In Barden, habeas petitioner Barden sought credit against his federal sentence for bank robbery, which he was then serving, for time already served in state prison for robbery, rape and kidnaping. The federal BOP refused, stating that it had no authority to grant such credit. The Third Circuit disagreed, writing:
We agree with Barden that the federal government has the statutory authority [under 18 U.S.C. § 3621(b)] to make the nunc pro tunc designation Barden desires .... We do not pass upon Barden’s contention that he is entitled to a favorable exercise of the broad discretion the Federal Bureau of Prisons (Bureau) has *1157 in acting on his request. Instead, we hold only that the federal authorities have an obligation, on the peculiar facts before us, to look at Barden’s case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement nunc pro tunc.
921 F.2d at 478. The BOP responded to Barden by instituting a nunc pro tunc sentencing procedure set forth in its Program Statements 5160.05 and 5880.28.
The Supreme Court has never endorsed the nunc pro tunc procedure authorized by the Third Circuit in Barden. A year after the Third Circuit’s decision in Barden, the Court held in United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), that the BOP has the authority under 18 U.S.C. § 3585(b) to perform the mathematical computation involved in determining the time a federal prisoner should be credited based on time served on another sentence. However, the nunc pro tunc procedure authorized in Barden goes well beyond the calculation involved in Wilson. Under the nunc pro tunc procedure, the BOP does not merely perform the computation involved in determining how much a federal sentence should be reduced on account of time already served under a separate concurrent sentence. Rather, under the nunc pro tunc procedure, the BOP makes the foundational decision of whether the separate sentence should be concurrent.
II. Reynolds’s Arguments on Appeal
As the majority discusses, Reynolds makes two arguments on appeal. One of these arguments is that the BOP erred in denying Reynolds credit against his federal sentence for time served in state custody. The other is that in denying Reynolds credit, the BOP made a sentencing decision reserved to the judicial branch and thereby violated the separation of powers.
A. Denial of Credit Against Federal Sentence
In support of his argument that the BOP erred in denying him credit, Reynolds contends that federal authorities had primary jurisdiction, that U.S.S.G. § 5G1.3 required the nunc pro tunc designation, and that the BOP wrongly construed the federal judge’s silence in response to the BOP’s letter as an indication that the federal sentence should be served consecutively. I agree with the majority that the district court did not clearly err in determining that the state had primary jurisdiction over Reynolds, and that U.S.S.G. § 5G1.3 is not applicable.
As to whether the BOP wrongly construed the federal court’s silence, I agree with the majority that the BOP did not err in construing the sentencing court’s silence as expressing an intent that the terms run consecutively. I write separately, however, to emphasize my concern with the statutory scheme and the consequences of the majority’s holding.
In denying Reynolds’s request for a nunc pro tunc designation, the BOP wrote, “The federal judgment was silent regarding the execution of your service. As such, multiple terms of imprisonment imposed at different times are deemed consecutive unless the court dictates otherwise.” Reynolds argues that the BOP improperly construed the federal sentencing judge’s silence. He writes in his brief, “There is simply no support for the BOP’s conclusion that the sentencing court’s silence denoted an intent for consecutive terms of imprisonment.”
The BOP construes a federal judge’s silence at the time of sentencing to indicate that the judge intends the federal sentence to be consecutive to a yet-to-be- *1158 imposed sentence. As I noted above, the third sentence of § 3584(a) provides a rule of construction for a sentence imposed by a federal judge. The third sentence provides, “Multiple terms of imprisonment imposed at different times run consecutively unless the [federal] court orders that the terms are to run concurrently.” As discussed above, a broad but permissible reading of this third sentence is that it includes not only a situation in which the federal term of imprisonment is imposed after a previously imposed term of imprisonment that is still being served, but also a situation in which the other term of imprisonment is yet to be imposed. In Program Statement 5880.28, the BOP has so interpreted this sentence. Section 3(e) of Program Statement 5880.28 provides, “On occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment.... If the federal sentence is silent, or ordered to run consecutively to the non-existent term of imprisonment, then the federal sentence shall not be placed into operation until the U.S. Marshals’ Service or the Bureau of Prisons gains exclusive custody of the prisoner.”
In jurisdictions where the federal sentencing judge has the authority to choose between a federal sentence that will run concurrently with or consecutive to a yet-to-be-imposed sentence, the operation of § 3584(a) and Program Statement 5880.28 is quite straightforward. The BOP can look to the sentencing proceeding in federal court, apply the rule of construction provided by the third sentence of § 3584(a) and the Program Statement, and determine the intent of the federal sentencing judge. Those jurisdictions include the Fifth, Eighth, Tenth and Eleventh Circuits. See Mayotte, 249 F.3d at 798-99; Williams, 46 F.3d at 58-59; Ballard, 6 F.3d at 1510; Brown, 920 F.2d at 1217.
But in jurisdictions where the federal sentencing judge does not have the authority to choose between a concurrent and consecutive sentence with respect to a yet-to-be-imposed sentence, the rule of construction cannot be sensibly applied to what the judge says, or does not say, at the time of sentencing. Those jurisdictions include the Second, Fourth, Sixth, Seventh and Ninth Circuits. See Donoso, 521 F.3d at 149; Smith, 472 F.3d at 225-26; Taylor, 284 F.3d at 1148 (citing Neely, 38 F.3d at 460-61; Clayton, 927 F.2d at 492); Romandine, 206 F.3d at 737-38; Quintero, 157 F.3d at 1039-40. In those jurisdictions, it makes little sense to rely on the silence of the federal sentencing judge at the time of sentencing to determine that judge’s intent in choosing whether the federal sentence is to be concurrent or consecutive, because the judge in those jurisdictions has no authority to make that choice at the time of sentencing. Thus, there is no reason for the judge to say anything. Even if the judge would like to impose a concurrent sentence, a statement to that effect would have no legal consequence.
In a situation where a request for a nunc pro tunc designation is made, the subsequent state sentence has already been imposed. At least in a jurisdiction in which the federal judge has no authority to choose between a concurrent and consecutive sentence at the time of sentencing, the BOP sends a letter asking the judge whether he or she now wants the federal sentence to run concurrently or consecutively. See Program Statement 5160.05 § 9(b)(4)(c) (“In making the determination [whether to grant a request for nunc pro tunc designation] the [Regional Inmate Systems Administrator of the BOP] will send a letter to the sentencing court ... inquiring whether the court has any objections [to the designation].”). This request by the BOP allows the federal sentencing *1159 judge in such jurisdictions, after the state sentence has been imposed, to say whether the federal sentence should be concurrent or consecutive. (The record before us is not clear on the point, but it is possible that the BOP asks the federal sentencing judge this question in all jurisdictions, even those jurisdictions in which the judge has the authority, at the time of sentencing, to choose whether the sentence would be concurrent or consecutive. But see id. § 9(b)(4)(e) (“No letter need be written if it is determined that a concurrent designation is not appropriate.”).) Once the BOP receives a response from the federal sentencing judge, it takes that response into account in deciding whether to grant the nunc pro tunc request. See id. § 9(a) (“Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the [BOP] designates a non-federal institution for service of the federal sentence.”); 9(b) (“Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court’s intent.”).
In Reynolds’s case, the federal sentencing judge responded to the BOP’s letter by stating that he had no comment on whether the federal sentence should be concurrent or consecutive. In its denial of Reynolds’s request, the BOP construed the judge’s silence as an indication that the federal sentence should be served consecutively. The BOP’s statement did not cite § 3584(a) but tracked both its language and its rule of construction. In implicitly relying on § 3584(a) in construing the judge’s silence, the BOP construed the third sentence of § 3584(a) to include not only the judge’s silence at the time of imposing sentence, but also his later silence when asked whether a nunc pro tunc designation was appropriate. That is, the BOP construed the phrase “unless the [federal] court orders that the terms are to run concurrently” to apply not only to silence at the time of sentencing but also to silence in response to a letter of inquiry from the BOP. This broad reading of the third sentence of § 3584(a) is not an implausible construction. I would therefore conclude that the BOP acted properly in construing the sentencing judge’s answer to the BOP’s letter, in which the judge refused to express a preference, as an indication that a consecutive sentence was appropriate.
B. Separation of Powers
Reynolds argues that in denying him credit towards his federal sentence for time served on his state sentence, the BOP violated the separation of powers. Reynolds first contends that the BOP could not disregard the express view of the state court judges that his state sentences should be served concurrently with his federal sentence. I agree with the majority that this argument — in reality a federalism rather than separation of powers argument — is foreclosed by our decision in Taylor. We considered the full range of federalism arguments in Taylor when we held that the federal government is not obliged to give effect, to the sentencing intentions of state court judges. See 284 F.3d at 1151-53.
Reynolds also contends that in denying a nunc pro tunc designation, the BOP arrogated unto itself a sentencing decision that properly belongs to the federal judiciary. The majority declines to address this argument. It holds that any separation of powers arguments about the BOP’s nunc pro tunc authority are not properly before the court because the BOP (initially) declined to grant a nunc pro tunc designation in this case, and that the arguments are foreclosed by Taylor in any event. The petitioner in Taylor, however, did not argue that the BOP’s practice of granting and denying nunc pro tunc designations violated separation of powers, and *1160 our decision in his case did not purport to decide that issue. I therefore regard the separation of powers issue as presenting an open question in this circuit.
I agree with the majority that, on the record before us, the separation of powers question is not squarely presented in this case. However, because the majority’s opinion and our decision in Taylor may be erroneously read as foreclosing a separation of powers argument, I write separately to discuss the argument, and to join other circuits in requesting that Congress address the issue through legislation.
Two of our sister circuits have addressed the separation of powers argument and have voiced doubts about the constitutionality of the BOP’s practice. In Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 76 (2d Cir.2005), the Second Circuit wrote:
A separation of powers issue arises when the same branch of government that prosecutes federal prisoners determines concurrency in lieu of the judge. Federalism concerns are implicated because the federal BOP is given the effective authority to enforce (or not) a state court’s determination that a state sentence should run concurrently. Given the divergent readings of the statutory scheme in the various circuits, the open questions as to how to treat prisoners sentenced first in the federal and then in the state court, and the phenomenon (in some circuits) that neither the state nor the federal court can run these concurrently, we respectfully invite congressional consideration of these statutes.
See also Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir.2007) (“[W]e agree with the Second Circuit that Congress should examine the issue because it implicates important federalism and separation of powers concerns.... ” (citing Abdul-Malik, 403 F.3d at 76)).
The separation of powers argument is stated in summary form in the first sentence of the passage just quoted from the Second Circuit’s decision in Abdul-Malik. In a slightly more expanded form, the argument is as follows: The task of the executive branch of the federal government is to prosecute those accused of federal crimes and incarcerate those who are convicted and sentenced to prison terms. The task of the judicial branch is to preside over criminal proceedings and impose sentence upon those who are convicted. A decision whether a federal sentence should run concurrently or consecutively is a sentencing decision that should be made by a member of the judicial branch. A decision whether to grant a nunc pro tunc designation has the effect of determining whether a federal sentence is served concurrently or consecutively. Therefore, a decision whether to grant a nunc pro tunc request is a sentencing decision that properly belongs to a member of the judicial branch. The BOP is part of the executive branch, so a decision whether to grant a nunc pro tunc request does not properly belong to the BOP.
There is a great deal not to like about the nunc pro tunc procedure followed by the BOP. It is a jerry-built, ad hoc system imposed upon the BOP by the Third Circuit in Barden, based on a questionable reading of 18 U.S.C. § 3621(b). One may easily understand what prompted the Third Circuit’s decision in Barden: Without Barden or something like it, some federal prisoners would serve consecutive federal and state sentences despite the fact that both the federal and state sentencing judges desired to impose concurrent sentences. But under Barden, an important sentencing decision may be made by the executive rather than the judicial branch.
*1161 On the facts of the case before us, I would hold that there has been no separation of powers violation. In this case, the BOP asked the federal sentencing judge whether he wanted Reynolds’s sentence to be concurrent with or consecutive to the state sentences. When the federal judge declined to state a preference, the BOP used a permissible rule of construction, based on § 3584(a), to conclude that the federal judge’s silence meant that Reynolds’s sentence should be consecutive. (Later, following another nunc pro tunc request by Reynolds, the BOP again solicited the federal judge’s view. The judge expressed that he had “no objection,” and the BOP granted the request.) In this circumstance, I would conclude that the BOP’s earlier denial of Reynolds’s request for a nunc pro tunc designation was based on a permissible interpretation of what the federal sentencing judge intended, and that its denial thus did not violate separation of powers.
However, I note that, in responding to nunc pro tunc requests, the BOP may not always abide by the intentions of federal sentencing judges. For example, BOP Program Statement 5160.05 § 9(b) provides, “Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court’s intent.” (Emphasis added.) The word “normally” indicates that the BOP will usually, but not always, abide by the preference of the federal sentencing judge. Further, in its letter to Reynolds’s federal sentencing judge, the BOP wrote, “It is the preference of the Bureau that the Federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request.” (Emphasis added.) The BOP’s use of the phrase “while not binding,” indicates that the BOP does not believe that it is required to abide by the preference of the sentencing judge. Finally, it is possible that at least in some circumstances the BOP does not solicit the view of the federal sentencing judge at all. See Program Statement 5160.05 § 9(b)(4)(e) (“No letter need be written[to the sentencing judge] if it is determined that a concurrent designation is not appropriate.”). However, we do not have before us a case in which the BOP has not solicited the view of the sentencing judge or, having done so, has disregarded that view.
III. Request to Congress
In view of the questionable interpretation of § 3621(b) on which Barden was based, the ambiguity of 18 U.S.C. § 3584(a), and the serious constitutional questions posed by the BOP’s nunc pro tunc practice implemented pursuant to Barden, I would join the Second and Eighth Circuits in respectfully requesting Congress to give its careful attention to the issues raised by the imposition of overlapping federal and state sentences.