### Jose L. CLAUDIO–ORTIZ, Petitioner

### v.

### UNITED STATES of America, Respondent.

### Civil No. 13–1620CCC.

United States District Court, D. Puerto Rico.

Signed May 29, 2015.

Jose L. Claudio–Ortiz, Mendota, CA, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

### JUDGMENT

CARMEN CONSUELO CEREZO, District Judge.

Having considered the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 filed by petitioner Jose L. Claudio–Ortiz (**D.E. 1**), the United States' Response in Opposition (D.E. 5), and the Report and Recommendation issued by U.S. Magistrate–Judge Justo Arenas (**D.E. 6**), to which no objections have been filed, said Report and Recommendation is AP-PROVED and ADOPTED and petitioner's Motion Under 28 U.S.C. § 2255 is DE-NIED. Accordingly, it is ORDERED and ADJUDGED that judgment be and is hereby entered DISMISSING this action.

No certificate of appealability shall be issued, as petitioner has not made a sub-stantial showing of the denial of a constitu-tional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

SO ORDERED AND ADJUDGED.

### *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

On July 18, 2003, petitioner herein Jose L. Claudio–Ortiz was charged in local court (Superior Court, Carolina Part) with

first degree murder among other charges. (F V12004G0006). On January 31, 2006, five days after being sentenced in this court, petitioner pleaded guilty to second degree murder and was sentenced to 17 years imprisonment in local court. (Docket No. 1–1 at 10) [1]. Over four years later, on October 26, 2010, he moved the state court to make the sentence concurrent with the federal sentence which had been in existence prior to his sentence.

On March 11, 2004, petitioner Jose L. Claudio–Ortiz and eleven other defendants were charged in this court in a six-count superceding indictment which included charges for serious narcotics and weapons violations. (Criminal 04–052(CCC), Docket No. 60.) Petitioner was charged in Counts One, Two and Five.

This matter is before the court on motion filed by petitioner on August 14, 2013 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) The government filed a response in opposition to the motion on August 26, 2014. (Docket No. 5).

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED as time-barred and otherwise lacking in merit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2005, petitioner filed a motion to vacate trial setting and for change of plea. (Criminal 04–052(CCC), Docket No. 364.) On the following day, he pleaded guilty to Counts One and Five of the superceding indictment. (Criminal 04–052(CCC), Docket No. 60.) He was charged in the first count in that he did

knowingly, intentionally and unlawfully combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is, to possess with intent to distribute and distribute controlled substances, to wit: five kilograms or more of cocaine, and/or fifty grams of cocaine base ("crack"), both Schedule II Narcotic Drug Controlled Substances; and/or one kilogram or more of heroin, and/or 1000 kilograms or more of marijuana, both Schedule I Controlled Substances, inside or within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, the Nuestra Senora de Covadonga Public Housing Project, Trujillo Alto, Puerto Rico, in violation of prohibited by Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), 846 and 860. (Criminal 04–052(CCC), Docket No. 60.) Count Five of the indictment charges that on or about April 13, 2003, in the District of Puerto Rico and within the jurisdiction of this court, petitioner did knowingly, willfully, intentionally and unlawfully possess, use, brandish or carry a firearm during and in relation to a drug trafficking crime as charged in Count One, all in violation of 18 U.S.C. § 924(c)(1)(A)(ii). According to a plea agreement signed by petitioner, the remaining counts were to be dismissed at the time of sentence.

The plea agreement was signed by petitioner on the same day that petitioner entered a guilty plea pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure. (Criminal 04–052(CCC), Docket No. 367.)

The sentencing hearing was held on January 26, 2006. In keeping with the plea agreement, the court sentenced the peti-

---

1. Petitioner notes that he had been sentenced by the "State of Puerto Rico" when he was sentenced in federal court, thus he was serving an undischarged sentence. (Docket No. 1 at 5, ¶ 8). He is mistaken.

tioner to 72 months of imprisonment as to Count One and 60 months as to Count Five to be served consecutively, as required by law. (Criminal 04–052(CCC), Docket No. 413.)

Over seven years after being sentenced, and clearly attacking the legality of his sentence, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that the court should adjust his sentence by entering a downward departure so that his state sentence will run more correctly and completely concurrent, with his federal sentence, citing as authority U.S.S.G. § 5G1.3(b). That is, he asks that the court adjust his sentence so that he may be credited with time from July 18, 2003, the date of his state charge so that he can serve the time he is entitled to serve. This would be in keeping with a ruling by the local court made in 2010 decreeing his state and federal sentences to be concurrent. (Docket No. 1–1 at 10). That is the argument.

The government filed a response in opposition to the petitioner's motion arguing primarily arguing that it should be summarily denied because it is clearly untimely. The government also addresses the lack of merit of the petition in an appropriately terse manner. It stresses that the claim is not of constitutional dimension since it is a mere sentencing issue.

## II. ANALYSIS

 Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998); *Cintron–Boglio v. United States,* 943 F.Supp.2d 292, 296 (D.P.R.2013). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are "inherently incredible." ' " *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir. 1984)).

## A. LIMITATIONS

 The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. *See Pratt v. United States,* 129 F.3d 54, 58 (1st Cir.1997). The current petition was filed over a year from the date petitioner's sentence became final and unappealable. Indeed, the petition was filed over seven years after his sentence became final.

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences. In its pertinent part, section 2255 reads:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This petition is time-barred. The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *Hernandez–Albino v. United States,* 16 F.Supp.3d 10, 16 (D.P.R. 2014); *see e.g. Ramos–Martinez v. United States,* 638 F.3d 315, 321–24 (1st Cir.2011). Petitioner could have addressed this matter near the time of sentence or on appeal. He did not. Once sentenced at the state level, petitioner was still within time to request the federal district court for relief directly. He did not. Therefore, I am forced to conclude that petitioner's claim is time-barred. *See Trenkler v. United States,* 268 F.3d 16, 24–27 (1st Cir.2001).

**B. CONCURRENT SENTENCES**

■ The lack of merit in the petition is also clear. Petitioner relies on U.S.S.G. § 5G1.3(b) which applies when a federal defendant is serving a sentence that resulted from a related offense. (Docket No. 1 at 2). But at the time of the federal sentence, petitioner had only been charged at the state level and had neither been found guilty nor sentenced at the time. U.S.S.G. § 5G1.3(b) provides for an adjustment of a defendant's sentence "if: '[1] a term of imprisonment resulted from another offense that is relevant conduct to the instant offense ... and [2] that [other offense] was the basis for an increase in the offense level for the instant offense....' U.S.S.G. § 5G1.3(b)." *United States v. Sayer,* 748 F.3d 425, 431 (1st Cir.2014); *see United States v. Santiago–Burgos,* 750 F.3d 19, 24 (1st Cir.2014). The court could not have sentenced petitioner in any manner other than the one in which he was sentenced, because the state sentence was in the near future. *See e.g. United States v. Rollins,* 552 F.3d 739, 742 (8th Cir.2009); *United States v. Stebbins,* 523 Fed.Appx. 1, 4–5 (1st Cir.2013). And it is clear from the plea agreement and sentence that the murder was not the basis for an increase in the offense level and was not considered relevant conduct in the determination of the sentence. (Criminal No. 04–052(CCC), Docket No. 367 at 4–5). Petitioner was held accountable for at least 500 grams but less than two kilograms of cocaine, giving him a Base Offense Level 26 pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1(c). He was an organizer or leader of the criminal activity, causing a 2–level increase in the Base Offense Level. Having accepted responsibility, his Base Offense Level was reduced by two levels. (Criminal No. 04–052(CCC), Docket No.

367 at 5). The statement of facts appended to the agreement reflects only that he possessed a firearm at the drug point where surveillance video captured the moment. *Cf. United States v. Rodriguez,* 525 F.3d 85, 103–04 (1st 2008) ("[T]here appears to have been no evidence to show that Ortiz ... actually possessed firearms."). Thus the lack of applicability of the cited guideline. *See United States v. Kimble,* 107 F.3d 712 (9th Cir.1997); *cf. United States v. Salcedo–Pena,* 2007 WL 2007978 (D.P.R. July 5, 2007). Finally, his federal and state sentenced were decreed to be concurrent by a local court ruling years after his state and federal sentence. The concept of finality is spun on its ear under such argument and such a decree has no meaning for this court. *Fegans v. United States,* 506 F.3d 1101, 1104 (8th Cir.2007); *Abdul–Malik v. Hawk–Sawyer,* 403 F.3d 72, 75 (2d Cir.2005); *Jake v. Herschberger,* 173 F.3d 1059, 1065 (7th Cir.1999).

### III. CONCLUSION

I find that petitioner's motion under 2255 is clearly time-barred. But even if it were not time-barred, federal habeas corpus is an extraordinary remedy which is not a vehicle for presenting non-constitutional claims collaterally. And there is no constitutional claim made here. Petitioner notes that 28 U.S.C. § 2255 empowers the court to correct a federal sentence, but he excludes the four provisos in § 2255(a), none of which he complies with.

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED as untimely.

I also recommend that no certificate of appealability be issued should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 20th day of January, 2015.