# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3232
_____

Leslie Todd Ray

*Plaintiff - Appellant*

v.

C. Garrett, Warden

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: August 21, 2025
Filed: August 26, 2025
[Unpublished]

_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Leslie Ray appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition seeking credit toward his federal sentence for time that he spent in state detention. Following careful review, we agree with the district court's dismissal. *See Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011) (concluding that the dismissal of a § 2241 petition is reviewed de novo). To the extent Ray argues that he was not afforded credit for time spent in state detention after his federal sentence was issued, the record shows that the Bureau of Prisons designated Ray's state prison as his federal facility so that the federal sentence started upon its issuance in a manner consistent with the federal judge's concurrent directive, *see Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (observing that the Bureau of Prisons has discretion to choose the location of an inmate's imprisonment), and the federal term could not commence before that point, *see Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (per curiam) (noting that a federal sentence cannot commence before it was pronounced). Regarding Ray's assertion that he should receive credit for the time that he spent incarcerated between the imposition of his state and federal sentences, he is not entitled to relief via section 2241, as the relevant period was credited against his state term. *See* 18 U.S.C. § 3585 (stating that a defendant shall be given credit for certain time that has not been credited against another sentence); *see also United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam) (concluding that a defendant who received credit toward a state sentence for time spent in state custody was not entitled to federal credit).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas.

-2-